NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| OSAMA ABDELFATTAH, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 05-5212 (JAG) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al., | : | |
| | : | |
| Defendants. | : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before the Court on the motions for summary judgment, pursuant to FED. R. CIV. P. 56, by Plaintiff Osama Abdelfattah, *pro se*, and by Defendants United States Department of Homeland Security, Michael Chertoff, Magda S. Oriz, United States Citizenship and Immigration Services ("USCIS"), United States Immigration and Customs Enforcement ("USICE"), Federal Bureau of Investigation ("FBI"), and United States Customs and Border Protection ("USCBP") (collectively, "Defendants"). For the reasons set forth below, the motions will be granted in part and denied in part.

**BACKGROUND**

This case consolidates four actions commenced by Plaintiff, all concerning the release of documents by United States agencies under the Freedom of Information Act ("FOIA"). The cases with Civil Action Nos. 06-774, 06-775, and 06-2203 have been consolidated with the

instant case.[1]

In pursuing the four actions, Plaintiff has generated a mass of filings that are not fully comprehensible. On June 7, 2006, Magistrate Judge Arleo issued an Order directing the parties to make a final filing of any motions for dispositive relief and setting a briefing schedule. Both parties filed the instant motions for summary judgment. This Court construes Plaintiff's filings, pursuant to Magistrate Judge Arleo's Order, to be his comprehensive and definitive statement of the relief he seeks.[2]

These actions concern a series of FOIA requests filed by Plaintiff. Disregarding duplicate requests, this Court finds that five requests are the subject of this litigation. The first, filed with USCIS in August of 2004, the second, filed with USCBP in October of 2005, and the third, filed with the FBI in October of 2005, have received responses; Plaintiff disputes the responses made to those requests. The fourth, filed in October of 2005 with USCIS, and the fifth, filed with USICE in February of 2006, are still outstanding, and Plaintiff asks this Court to compel the agencies to respond.

## LEGAL STANDARD

**I.     Summary Judgment**

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party

---

[1] Plaintiff also brought an action against USCIS on the subject matter of this litigation in the Eastern District of New York in February, 2005. (Abdelfattah Dec. ¶ 11.) The outcome of that suit is unknown, although Plaintiff states that he received a copy of his USCIS file within one week. (Id.)

[2] On January 5, 2006, Plaintiff filed an application for an order to show cause, seeking the same relief that he seeks in his motion for summary judgment. Because that application is duplicative, it will be denied as moot.

demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that

3

creates a genuine issue as to a material fact for trial.  Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995).  "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment."  Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial").  "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."  Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

## DISCUSSION

**I.  Defendants' and Plaintiff's Motions for Summary Judgment**

In regard to the FOIA requests that have received responses, Plaintiff seeks to obtain information categorized as follows: 1) the complete files of USCIS, in response to the 2004 USCIS request; 2) the FBI files, in response to the October, 2005 FBI request; 3) the USCIS-to-USICE referral file, in response to the 2004 USCIS request; and 4) the complete USCBP file, in response to the October, 2005 USCBP request.  Plaintiff also asks this Court to compel Defendants to respond to his outstanding FOIA requests.

A.   The USCIS file

Plaintiff filed two duplicate FOIA requests with USCIS in August and September of 2004, as well as several duplicate requests in subsequent years. USCIS has now performed repeated searches of its files and has determined that the only record in its files is Plaintiff's Alien File # A95153148. (McDaniel Dec. ¶¶ 6-8; Mark Dec. ¶¶ 14-16.)

The parties agree that USCIS reviewed Plaintiff's Alien File and responded to the 2004 requests by identifying 420 pages of responsive documents, producing 337 pages, withholding 26 pages, and referring 57 pages to USICE for review. Plaintiff contends that: 1) USCIS has withheld eight additional pages without applying any exemption to justify it; and 2) the withholding of the 26 pages is invalid.

In regard to the eight additional pages, Plaintiff contends that eight pages were "deleted and disappeared without any justification." (Pl.'s Opp. Br. 10.) This Court is unable to comprehend Plaintiff's claim in this regard: he does not specify what pages are missing nor what evidence supports the inference that any pages disappeared. Defendants speculate that Plaintiff may be confused because USCIS discovered that eight pages of the 26 withheld pages were duplicates of pages that had already been produced, and removed them from the list of pages withheld. (Long Dec. ¶ 5.)

In regard to the withheld 26 pages, Defendants subsequently released seven pages in their entirety. Defendants submitted a Vaughn Index for the documents USCIS continues to withhold.[3] (Appendix to Mark Dec.) Plaintiff contends that the Vaughn Index fails to justify the

---

[3] Plaintiff sought by motion to compel production of this Vaughn Index. Since the Vaughn Index has been produced, that motion will be denied as moot.

withholding of the documents.

The Third Circuit has given this guidance for evaluating the sufficiency of a Vaughn Index:

> While there is no set formula for a Vaughn index, the hallmark test is that the requester and the trial judge be able to derive from the index a clear explanation of why each document or portion of a document withheld is putatively exempt from disclosure. An agency is entitled to summary judgment when the agency's affidavits . . . describe the withheld information and the justification for withholding with reasonable specificity, demonstrating a logical connection between the information and the claimed exemption . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.

Davin v. United States DOJ, 60 F.3d 1043, 1050 (3d Cir. 1995) (citations omitted).

This Court has reviewed the Vaughn Index and determines that it is able to derive from the Index a clear explanation of why each withheld document is exempt from disclosure. Defendants have demonstrated a logical connection between the information and the claimed exemption. Plaintiff has produced no evidence which contradicts this conclusion, nor which demonstrates bad faith on the part of USCIS. On the issue of the withheld 26 pages, summary judgment will be granted in Defendants' favor.

    B.    <u>The FBI files</u>

In October of 2005, Plaintiff submitted a FOIA request to the FBI. Plaintiff concedes that, on October 27, 2005, the FBI informed him that they had no files on him. (Am. Compl. in Civil Action No. 06-775 ¶ 19.) Plaintiff contends that USCIS sent the FBI six pages from the 2004 FOIA request. Defendants explain that, while USCIS did erroneously tell Plaintiff that this referral had been made, it has since corrected the error, and no documents were ever sent to the FBI. To support his claim, Plaintiff points to the letter of April 14, 2005 from Sarah M. Jones of

USCIS, which does state that six pages were referred to "another federal agency for their review." (Mark Dec. Ex. 1C.) Defendants offer the declaration of Donna Mark, former paralegal specialist for USCIS' Records Services department, who reviewed the USCIS files and attested to the fact that the statement in the Jones letter was in error and no such FBI referral was made. Plaintiff offers this Court no evidence from which to conclude that the claim of error is false, or that the FBI has any files on Plaintiff to produce in response to a FOIA request. Summary judgment is granted in Defendants' favor as to the alleged FBI files. The FBI has satisfied its FOIA obligations to Plaintiff.

      C.      The USCIS-to-USICE referral

Plaintiff seeks the 57 pages that USCIS referred to USICE for review. Defendants respond that USICE has determined that two pages should be withheld in their entirety, four pages should be produced with redactions, and 51 pages should be produced. (Fields Dec. ¶¶ 7, 8.) Plaintiff admits that he has since received these 55 pages from USICE. (Pl.'s letter of August 7, 2006.) As to the two pages withheld in their entirety and the four pages of redactions, the Fields Declaration submitted by USICE provides the information that would be in a Vaughn Index for the cited pages. (Fields Dec. ¶¶ 12 - 22.) This Court determines that it is able to derive from the Fields Declaration a clear explanation of why each withheld document is exempt from disclosure. Defendants have demonstrated a logical connection between the information and the claimed exemptions. Plaintiff has produced no evidence which contradicts this conclusion, nor which demonstrates bad faith on the part of USCIS or USICE. On the issue of the six pages withheld in whole or in part, summary judgment will be granted in Defendants' favor.

D.      The USCBP file

In October of 2005, Plaintiff submitted a FOIA request to USCBP, which responded by producing one redacted page. Plaintiff complains that USCBP has withheld the redacted material from that page, as well as two additional pages of documents. Defendants agree that USCBP discovered three pages of documents in response to Plaintiff's FOIA request. Defendants offer the declaration of Dorothy Pullo, Supervisory Program Analyst in the FOIA Customer Satisfaction Unit of USCBP, stating that the one redacted page is the same as a page withheld by USCIS and listed in their Vaughn Index, and that the two additional pages contain "purely administrative fields" which are not considered responsive to a FOIA request. (Pullo Dec. ¶ 4.) Because this Court has determined above that the Vaughn Index produced by USCIS is sufficient to support the claimed exemptions from disclosure, the redactions on the produced single page are exempt from disclosure. On the issue of the information withheld by USCBP, summary judgment will be granted in Defendants' favor. USCBP has satisfied its FOIA obligations to Plaintiff.

E.      The outstanding FOIA requests

Defendants concede that Plaintiff filed one additional FOIA request with USCIS in October of 2005 and one with USICE in February of 2006, and that responses to these requests remain outstanding. According to the declaration of Marcia McDaniel, Supervisory Paralegal Specialist at the National Records Center of USCIS, USCIS has already determined that the only documents responsive to the October, 2005 request are those in Plaintiff's Alien File # A95153148. (McDaniel Dec. ¶¶ 6-8.) This is the same file that USCIS has already reviewed and processed in response to Plaintiff's 2004 request. The October, 2005 request duplicates the 2004

request.  As this Court has determined that USCIS has satisfied its FOIA obligations in regard to the 2004 request, it also finds that USCIS has satisfied its FOIA obligations in regard to the October, 2005 request as well.

This leaves only one FOIA request outstanding: the February, 2006 request to USICE.  USICE asks this Court to stay the case as to this request pending the agency's administrative adjudication of it, pursuant to 5 U.S.C. § 552(a)(6)(C), which allows courts to find exceptional circumstances and give agencies additional time to meet their FOIA obligations.  Defendant argues that the large backlog of pending requests constitutes just such an exceptional circumstance.  Plaintiff contends, however, that Congress foreclosed that argument when it enacted 5 U.S.C. § 552(a)(6)(C)(ii), which states that "the term 'exceptional circumstances' does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests."  A backlog, without more, thus cannot constitute an exceptional circumstance under FOIA.  Defendants have offered no evidence to support any inference of reasonable progress in reducing the backlog, thus providing no basis for this Court to find exceptional circumstances and grant the request for a stay.

USICE has conceded that it has not yet responded to Plaintiff's February, 2006 FOIA request, and has given this Court no basis to grant a stay.  As to Plaintiff's February, 2006 FOIA request to USICE, summary judgment is entered in Plaintiff's favor, and USICE is ordered to respond to the request within 20 days of the entry of this Opinion, as required by 5 U.S.C. § 552(a)(6)(A)(i).

## **CONCLUSION**

As to Plaintiff's 2004 and 2005 FOIA requests, Defendants have demonstrated that "there is no genuine issue as to any material fact and that [they are] entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). As to Plaintiff's 2004 and 2005 FOIA requests, Defendants' motion for summary judgment is granted; Defendants have met their legal obligations in response to Plaintiff's 2004 and 2005 FOIA requests. As to the 2004 and 2005 FOIA requests, Plaintiff's motion for summary judgment is denied. As to the February, 2006 FOIA request to USICE, Plaintiff's motion for summary judgment is granted, and USICE is ordered to respond to Plaintiff's FOIA request within 20 days of the entry of this Opinion. As to the February, 2006 FOIA request to USICE, Defendants' motion for summary judgment is denied, as is Defendants' motion for a stay. Plaintiff's motion for an order to compel Defendant to answer the Amended Complaint is denied as moot. Plaintiff's application for an order to show cause is denied as moot. Plaintiff's motion to compel production of the Vaughn Index is denied as moot.


    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.


Dated: August 28, 2006